**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOODSIDE CREDIT, LLC,<br><br>         *Plaintiff*,<br><br> v.<br><br>BEST CAR-N-CARE INC., OLEG TYULENEV, VITALI STEFURAC, JUSTIN LEE DELOY, JANE DOES 1-10, JOHN DOES 1-10, DOES BUSINESS ENTITIES 1-20,<br><br>         *Defendants*. | Civ. No. 1:20-cv-03536-AMD-TAM |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION

**THOMPSON & SKRABANEK, PLLC**
515 Madison Avenue, 31st Floor
New York, New York 10022
(646) 568-4280
*Attorneys for Defendant Justin Lee Deloy*

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ **4**

**I. THE MOTION FOR RECONSIDERATION STANDARD IS MET.** .............................. **5**

**II. DELOY DOES NOT PRESENT ANY NEW ARGUMENT IN THE INSTANT MOTION.** ................................................................................................................................... **5**

**III. THE FACTS UNDERLYING CONTROLLING PRECEDENTS CITED IN DELOY'S INSTANT MOTION ARE IRRELEVANT TO THE LEGAL PRINCIPLES CONTROLLING THIS CASE.** ................................................................................................ **6**

**CONCLUSION** ............................................................................................................................ **8**

## **TABLE OF AUTHORITIES**

**CASES**

*AFP Imaging Corp. v. Ross*,
   780 F.2d 202, 204 (2d Cir. 1985) ---------------------------------------------------------------- 7

*Aramony v. United Way Replacement Benefit Plan,*
   191 F.3d 140 (2d Cir. 1999). ---------------------------------------------------------------------- 6

*Carolco Pictures, Inc. v. Sirota*,
   700 F. Supp. 169, 170 (S.D.N.Y. 1988)-------------------------------------------------------- 5

*Davis v. the Gap, Inc.*,
   186 F.R.D. 322, 324 (S.D.N.Y. 1999) -------------------------------------------------------- 5

*Masuda v. Kawasaki Dockyard Co.,*
   328 F.2d 662 (2d Cir. 1964)--------------------------------------------------------------------- 6

*Songbird Jet Ltd., Inc. v. Amax, Inc.,*
   581 F. Supp. 912, 919–20 (S.D.N.Y. 1984) ------------------------------------------------- 8

*Towers World Airways Inc. v. PHH Aviation Sys. Inc.*,
   933 F.2d 174 (2d Cir. 1991)-------------------------------------------------------------------- 7

Defendant Justin Lee Deloy, by and through his attorneys, Thompson & Skrabanek, PLLC, respectfully submits this Reply Memorandum of Law in support of his Motion for Reconsideration of the Court's Memorandum Decision and Order dated September 16, 2024 (ECF No. 79) (hereinafter the "Order"), in which the Court granted Plaintiff Woodside Credit LLC's ("Woodside" or "Plaintiff") Motion for Summary Judgment against Defendant Justin Lee Deloy ("Deloy" or "Defendant").

## PRELIMINARY STATEMENT

As a preliminarily matter, Plaintiff's argument that Deloy fails to meet the standard required for Rule 59(e) reconsideration is a red herring. Under the rules, Deloy is required to show that the Court's Order misapplied controlling law and/or overlooked pertinent facts. The present motion far exceeds this requirement.

The Opposition attempts to distinguish the facts underlying this case from those underlying the Second Circuit decisions that Deloy cites in the instant motion. However, Deloy cites the relevant precedents for their legal standards rather than for their facts. In any case, the factual differences Plaintiff points to are irrelevant to Deloy's arguments.

Finally, as it did in its original motion, Plaintiff's Opposition deliberately obfuscates the relevant legal standards and facts, to draw attention away from the precise legal question this Court was presented on summary judgment: whether Plaintiff has undisputably shown that Deloy authorized Belmonte ***to execute or sign*** the relevant contracts on Deloy's behalf. Although the record is full of disputes about this question, the Court erroneously answered this question in the affirmative. Now, Deloy has sufficiently shown that the Court's Order was based on clear misapplication of controlling law and should be reversed.

### I.   THE MOTION FOR RECONSIDERATION STANDARD IS MET.

First, Plaintiff argues that this Court should deny Deloy's reconsideration motion because his original opposition to the summary judgment did not cite to the same Second Circuit decisions that Deloy cites in the instant motion. *See* Opp. at p. 7. However, Plaintiff does not cite to any rule or controlling precedent that requires such a drastic outcome. Local Rule 6.3 requires reconsideration motions to attach a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" but does not confine parties to cite only to those cases that they cited in their original motion. There is also no Second Circuit law strictly precluding the citation of new precedential authorities in a reconsideration motion. Which is why Plaintiff resorts a dictum from a single district court decision, *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988). Yet although it invoked this principle, even *Carolco* did **not** deny the movant's request for reconsideration on this basis. Plaintiff also mentions *Davis v. the Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999) in purported support of its proposed rule against citation of previously uncited cases. However, that case merely affirmed the requirement laid out in Local Rule 6.3: "Therefore, a party in its motion for reargument "may not advance new **facts, issues or arguments** not previously presented to the court." (internal citation omitted) (emphasis added).

### II.  DELOY DOES NOT PRESENT ANY NEW ARGUMENT IN THE INSTANT MOTION.

Deloy's instant motion does not advance any new facts, issues or arguments. Each of the legal issues that Deloy advances on reconsideration were clearly raised and argued in his opposition to Plaintiff's summary judgment. The instant motion became necessary only because the Court's Order overlooked controlling law on two of the legal issues that Deloy properly raised in opposition to Plaintiff's summary judgment request: (i) the primacy of a purported agent's usual

power or authority in the implied authority analysis, and (ii) the need to leave any disputes about the scope of implied authority to the factfinder. Regrettably, the Court granted judgment against Deloy based on a misapplication of established law relevant to these issues. Deloy's opposition highlighted the existence of a genuine dispute as to the scope of Belmonte's usual powers and presented the Court with the appropriate summary judgment standard. However, the Court overlooked Deloy's argument and facts regarding Belmonte's past scope of authority and drawing factual inferences against Deloy—the non-movant—the Court granted summary judgment against Deloy. Now Deloy cites to **additional** precedents from the Second Circuit that directly demonstrate the errors in the Court's analysis. Deloy's citation of these additional cases became necessary because of the specific ways in which the Court erred in analyzing the issues; but does not raise any fact, issue, or argument not previously made.

### III. THE FACTS UNDERLYING CONTROLLING PRECEDENTS CITED IN DELOY'S INSTANT MOTION ARE IRRELEVANT TO THE LEGAL PRINCIPLES CONTROLLING THIS CASE.

According to Plaintiff, the precedential decisions Deloy highlights in the instant motion are factually "distinguishable from the facts at issue in this case". *See* Opp. at p. 5. However, Deloy does not cite the relevant Second Circuit cases for their facts.[1]

Specifically, under *Masuda* and *Aramony*, essential to a finding of implied actual authority is two-step analysis of: (i) the *usual* manners in which Deloy entrusted Belmonte to act, and (ii) whether Belmonte's action in this specific case (signing a contract in Deloy's name) exceeded those *usual* powers. *Masuda v. Kawasaki Dockyard Co.,* 328 F.2d 662 (2d Cir. 1964), *Aramony v. United Way Replacement Benefit Plan,* 191 F.3d 140 (2d Cir. 1999). On the contrary, this Court

---

[1] Notably, besides quibbling with the facts, Plaintiff's Opposition concedes that his case is governed by the legal standards outlined in these cases. See e.g., Opp. at p. 8 (arguing that the Court has conducted a thorough enough analysis of "usual" practice consistent with *Masud*a.

did not conduct this two-step analysis, and wrongly concluded that Deloy and Belmonte's prior business relationship ("joint venture") is automatic proof of authorization to bind each other for any type of conduct. *See* Order, at p. 6. This is a clear misapplication of the doctrine of implied actual agency—irrespective of any differences between the facts concerning Deloy and those underlying the parties in *Aramony* and *Masuda*.[2]

Similarly, Deloy does not cite *Towers World* or *AFP Imaging* because the facts in those cases would dictate a specific outcome. *Towers World Airways Inc. v. PHH Aviation Sys. Inc.*, 933 F.2d 174 (2d Cir. 1991); *AFP Imaging Corp. v. Ross*, 780 F.2d 202, 204 (2d Cir. 1985). Instead, these cases are cited for their legal proposition that disputed facts about the scope of an agent's *usual* powers precludes summary judgment. This Court—in making factual inferences in favor of Plaintiff and against Deloy's contradictory evidence about his past relationship with and Belmonte—directly violated this well-established legal standard. This part of the Order also contravenes New York's general rule that the "implied authority of [an] agent to enter into a contract on [another's] behalf is [a] question of fact" that should be left to the factfinder. *See Aramony,* 191 F.3d 140, 148. (internal citation omitted).

Finally, the Court should reject Plaintiff's argument that the dispute as to Belmonte's scope of agent is not "genuine" (Opp. at p. 10). Under the present record, such a conclusion can be drawn only if all factual inferences are made in favor of the movant—through a complete reversal of New York's summary judgment standard.

Although Plaintiff exclusively relies on Deloy's deposition testimony to advance its own theory of "actual agency," whenever that piece of evidence becomes inconvenient to its theory of

---

[2] Notably, in attempting to distinguish Masuda, Plaintiff reveals its continued misunderstanding of the distinction between implied actual authority and apparent authority. Deloy cites to Masuda as controlling this Court's Order, because Masuda involved a claim of implied actual authority. But Plaintiff's Opposition erroneously represents Masuda as being a case involving apparent authority. See Opp. at p. 8.

the case, it hopes to brush it off as "self-serving conclusory testimony." *See e.g.,* Opp. at p. 10. However, irrespective of the terms Plaintiff chooses to describe unhelpful sections of Deloy's deposition testimony, it remains the only evidence before this Court on the crucial issues of (i) what scope of authority Belmonte *usually* had, and (ii) whether he exceeded that scope of authority in signing the relevant contracts. Therefore, this Court cannot ignore as irrelevant Deloy's testimony that he has never in the past authorized Belmonte to sign contracts on Deloy's behalf. The Court also should not have disregarded Deloy's testimony that he may have provided Belmonte an updated pay stub close to the relevant transaction, but only for "pre-approval" of a potential purchase. *See* Order, at p. 7.

At the summary judgment stage, it is not up to this Court to make credibility assessments or to exclude testimonial evidence based solely on its persuasiveness. Evidence of Deloy's previous dealings with Belmonte could lead a jury to conclude that Belmonte had implied authority *to sign contracts* in Deloy's name. However, under New York law, this conclusion is properly reserved for the factfinder. *See Songbird Jet Ltd., Inc. v. Amax, Inc.,* 581 F. Supp. 912, 919–20 (S.D.N.Y. 1984) (emphasis added) (internal citations omitted)." *See Towers World,* 933 F.2d 174, 177 (2d Cir. 1991); *AFP Imaging,* 780 F.2d 202, 204 (2d Cir. 1985).

## CONCLUSION

For the foregoing reasons, Deloy respectfully requests that the Court reconsider in part its Order of September 16, 2024 and deny Woodside's motion for summary judgment as granted against Deloy, and for such other relief to which Deloy is justly entitled.

Dated: New York, New York
      October 22, 2024

                                      THOMPSON & SKRABANEK, PLLC

                              By: _____

                         _____
J.R. Skrabanek
515 Madison Avenue, 31st Floor.
New York, NY 10022
Tel: (646) 568-4280
jrs@ts-firm.com

ATTORNEYS FOR DEFENDANT